IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ATTORNEYFIRST, LLC, a
West Virginia Limited
Liability Company,

       Plaintiff,

v.                              Civil Action No. 2:03-cv-02467

ASCENSION ENTERTAINMENT, INC.,
A Delaware Corporation,
STEVEN LOPEZ, Individually,
JURISFIRST, LLC, a Nevada
Limited Liability Company, and
ACADEMY MORTGAGE CORPORATION,
a Utah corporation,

       Defendants.

### AMENDED ORDER

On June 2, 2006, the court entered a Memorandum Order concerning Plaintiff, AttorneyFirst, LLC's Motion to Compel. (Docket # 111.) The court instructed Defendant Academy Mortgage Corporation ("Academy") to respond to certain of Plaintiff's discovery requests. On June 12, 2006, Academy filed a Motion to Reconsider certain rulings made in the June 2 Order, and simultaneously filed by separate motion its Objections to those rulings, so to preserve its objections before the district judge. (Docket # 117, 116.) However, Academy indicated that it believed the issues raised in its Objections could be more suitably

addressed by the undersigned. (Docket # 117, footnote 1.)

The court has been informed by AttorneyFirst's counsel that it has no objections to the modifications proposed by Academy. The court has reviewed those modifications and finds them well-grounded. Accordingly, the court's June 2, 2006 Order is hereby **AMENDED** as follows:

(1) Academy shall respond to all subsections contained in Request for Production No. 29 of the First Set, limited as follows:

> (A) The court's prior ruling as to subsection (y) shall stand, such that Academy need not answer that request; and
>
> (B) Academy shall respond to all other subsections ((a) through (x) and (z) through (kk))by producing only those emails on the requested terms <u>which concern matters alleged in the Second Amended Complaint</u>. The purpose of this modification is to alleviate Academy from potentially producing (and Plaintiff from reviewing) volumes of emails which might contain those broad terms, but which would have no relevance to the matters asserted herein.

(2) Academy shall respond to Request for Production No. 26 of the First Set, subparts (a) through (j) and (m) through (n), with this same restriction: it need only produce those emails containing the requested terms <u>which concern matters alleged in the Second Amended Complaint</u>. Academy need not answer subparts (k) and (l) of Request No. 26 of the First Set.

(3) Academy shall make a diligent effort to respond to all subject discovery within the deadline set by the June 2 Order.

Academy has indicated that it believes it can produce a large number of discoverable emails within the deadline set by the court. (Docket # 117.) AttorneyFirst has indicated that with this understanding, it will consent to a reasonable extension of time in which Academy may supplement any emails which it cannot review prior to this deadline.  Accordingly, while Academy is instructed to make all reasonable efforts to produce the requested emails within the previously designated time frame, the court now grants Academy an additional fourteen (14) days thereafter in which to supplement its production.

(4) With respect to Interrogatory No. 5 of the Second Set, Academy has served a verified Second Amended Response which appears to answer this discovery adequately.

The Motion to Reconsider (docket # 117) is **GRANTED** and the Order of June 2, 2006 is modified as set forth herein.  Assuming that this Amended Order resolves these issues, Academy should withdraw its previously filed Objections (docket # 116).  The court appreciates the cooperation of all counsel in resolving these matters.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER** this 20th day of June, 2006.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge